UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

10 CV 2679 (LAK)
ECF CASE

---------------------------------------------------------------x

AKABAS & COHEN,

                            Plaintiff,

Index No:

**COMPLAINT**

- against -

FOX ROTHSCHILD LLP,

RECEIVED
MAR 25 2010
U.S.D.C. S.D.N.Y.
CASHIERS

                            Defendant.

---------------------------------------------------------------x

Plaintiff Akabas & Cohen ("A&C"), by its attorney, Christopher Serbagi, for its Complaint against the above-named Defendant, alleges as follows:

## NATURE OF ACTION

1. This is an action for unjust enrichment and tortious interference with contract arising from the Defendant Fox Rothschild LLP's ("Fox Rothschild") improper appropriation of and benefit from certain litigation files (collectively "the Files") that a former A&C partner, Mr. Richard Cohen ("Cohen"), took from A&C and provided to Fox Rothschild. A&C has filed this litigation for purposes of winding down its affairs and collecting certain outstanding receivables owed to the firm.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. The parties are citizens of different states and the amount in controversy exceeds $75,000.

3. This Court has personal jurisdiction over the Defendant pursuant to C.P.L.R. § 302.

4. Venue is proper in this district pursuant to 28 U.S.C. §§1391(a).

## THE PARTIES

5. Plaintiff A&C is a dissolved New York General Partnership, whose principal place of business was on 488 Madison Avenue, Suite 1120, New York, New York 10022.

6. Upon information and belief, Defendant Fox Rothschild is a Pennsylvania Limited Liability General Partnership, with its principal place of business at 2000 Market Street, 10th Floor, Philadelphia, Pennsylvania 19103.

## ALLEGATIONS COMMON TO ALL COUNTS

7. A&C was a general partnership consisting of three partners, Cohen, Mr. Seth Akabas, and Mr. Michael Sproule.

8. Cohen was a one-third partner in A&C when he voluntarily withdrew from the firm on or about August 11, 2006, and he joined Fox Rothschild then, or shortly thereafter.

9. On information and belief, when Cohen left A&C, he took the Files, consisting of, at least (but not necessarily in limitation), four litigation files which Fox Rothschild appropriated and used on its own behalf, either in the subject litigation or in soliciting the clients for whom the Files were generated ("the Clients") for further work.

10. Cohen took a litigation file from A&C that reflects its representation of a client, and others similarly situated, in a religion discrimination case. A&C had accrued $60,702.14 in legal fees in this matter creating the Files related to it.

11. Cohen took a litigation file from A&C that reflects its representation of a client in a breach of contract action. A&C had accrued $46,982.75 in legal fees in this matter creating the Files related to it.

12. Cohen took a litigation file from A&C that reflects its representation of a client in a contract case. A&C had accrued $142,224.89 in legal fees in this matter creating the Files related to it.

13. Cohen took a litigation file from A&C that reflects its representation of a client in a securities arbitration. A&C had accrued $39,889.97 in legal fees in this matter creating the Files related to it.

14. A&C had retainer agreements with the Clients, which agreements provided that A&C was to be compensated for the work that it conducted on those Files.

15. A&C and Cohen never had a meeting of the minds regarding the disposition of the Files.

16. A&C never authorized Fox Rothschild to use those Files to litigate those cases, or in any other way. Fox Rothschild had no such permission.

17. Fox Rothschild knew of the retainer agreements between A&C and the Clients, yet it caused the Clients to sign retainer agreements with Fox Rothschild and it caused the entire legal fees paid or recovered in such cases to be paid to Fox Rothschild for the work that A&C and it performed rather than to A&C, as those Clients were required to do.

18. Cohen has asserted that he had permission from A&C to take the Files, but the facts demonstrate that there was never a legally binding agreement between Cohen and A&C that either permitted Cohen to take the Files on his own behalf or to turn over the Files to Fox Rothschild. For example, in a litigation against A&C and its other partners, (i) Cohen signed a sworn affidavit that stated that A&C and Cohen had no agreement between them as to the distribution of partnership assets upon Cohen's departure from the firm; (ii) the court in that case found that there was no evidence of any oral agreement between the parties as to the Files; (iii)

3

Cohen listed the Files as partnership assets that the court in that case should consider in its ultimate decision to allocate those assets among the A&C partners and the court did so value the Files; and (iv) in support of Cohen's assertion in that case that no agreement was entered into regarding any asset of A&C on its dissolution, Cohen testified that Mr. Akabas told him that he was not entitled to "anything" upon Cohen's departure from A&C, which evidences Cohen's understanding that he was not entitled to turn over the Files to Fox Rothschild.

## CAUSES OF ACTION AGAINST FOX ROTHSCHILD

### FIRST CAUSE OF ACTION
### (UNJUST ENRICHMENT)

19. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 18, as if fully set forth herein.

20. As a result of the foregoing acts, Defendant has benefited at the Plaintiff's expense and equity and good conscience require restitution.

21. A&C is entitled to the fees that Fox Rothschild obtained from the Files.

### SECOND CAUSE OF ACTION
### (TORTIOUS INTERFERENCE WITH CONTRACT)

22. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 21, as if fully set forth herein.

23. Fox Rothschild knew about the contracts between A&C and the Clients that comprised the Files.

24. Fox Rothschild intentionally caused A&C's Clients to breach the retainer agreements between the Clients and A&C, without justification, by appropriating the Files and failing to compensate A&C for the significant work that it conducted.

25. A&C was damaged thereby because, had it not been for Fox Rothschild's tortious conduct, the Clients would have compensated A&C for the work that it conducted.

26. A&C is entitled to either the amount it billed on the Files or the value of the Files as determined by the judge in the litigation between A&C and Cohen, which is $132,820.17.

WHEREFORE, Plaintiff demands:

(i) $292,799.75 for the time that A&C billed on the Files.

(ii) The fees that Fox Rothschild received from the Files, which on information and belief exceed $100,000 dollars.

(iii) For the value of the Files as determined by the judge in the litigation between A&C and Cohen, which is $132,820.17.

(iv) For its reasonable attorney's fees and costs in this action.

(v) For such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 25, 2010

                                    LAW OFFICES OF CHRISTOPHER SERBAGI

By: _____
Christopher Serbagi, Esq.
David Marcus, Esq.
488 Madison Avenue, Suite 1120
New York, New York 10022
Tele: (212) 593-2112
Fax: (212) 308-8582

Attorney for the Plaintiff Akabas & Cohen